UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62498-CIV-ZLOCH

SERGIY KURASHOV,

    Plaintiff,

vs.                                **O R D E R**

CARGO TRANSPORT ALLIANCE, LLC,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Cargo Transport Alliance, LLC's, Motion To Dismiss Complaint For Lack Of Subject Matter Jurisdiction And For Failure To State A Cause Of Action, Pursuant To Fed. R. Civ. P. 12(B)(1) & (6) (DE 5).  The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    By the instant Motion (DE 5), Defendant Cargo Transport Alliance, LLC (hereinafter "Defendant") calls into question Plaintiff Sergiy Kurashov's (hereinafter "Plaintiff") ability to file his claim as an individual, a foreign national, instead of on behalf of a corporate entity, which Defendant claims is the proper party to the above-styled cause.  But, the Court does not find the above-styled cause to be analogous to fraudulent joinder cases in which, typically, a plaintiff attempts to destroy federal diversity jurisdiction by joining a non-diverse party.  Defendant is asking the Court to dictate to Plaintiff how to structure his complaint.  The Court will decline to do so.  Over the Complaint (DE 1), as pled, the Court has subject matter jurisdiction as it is brought by a foreign national against a Florida LLC with Florida members.  The Court's jurisdiction in this matter is premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  That Section of the United States Code provides that where a complaint is founded on

diversity of citizenship, a federal court may maintain jurisdiction over the action "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). Plaintiff states that he is "a national of Ukraine, and not lawfully admitted for permanent residence in the United States." DE 1, ¶ 2. Thus, his actual domicile is not relevant.

The Court further notes that the other legal issues raised by Defendant's instant Motion are more properly addressed in a Motion For Summary Judgment, when discovery may present the Court with a full record upon which it may address and decide said issues.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants' Motion To Dismiss Amended Complaint Or In The Alternative For More Definite Statement (DE 11) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this __22nd__ day of May, 2017.

/s/ William J. Z.
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

All Counsel and Parties Of Record